IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                 No. CR 98-933-MV

RICHARD KING,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion for Judgment of Acquittal Pursuant to Rule 29(c) [**Doc. 49**] and Motion for New Trial [**Doc. 50**]. The Court, having considered the motions, responses, relevant law, and being otherwise fully informed, finds that the motions are not well taken and will be **DENIED**.

### BACKGROUND

Following a three day jury trial, Defendant was convicted of two counts of sexual abuse of a minor in violation of 18 U.S.C. §§ 1153, 2243, 2246(2)(A) and 2246(2)(B), by means of anal penetration (Count III) and by means of oral copulation (Count IV). Defendant was acquitted of two counts of aggravated sexual abuse of a minor (Counts I and II). Defendant now moves for a new trial, arguing that the Court erred in admitting certain evidence, and renews his motion for judgment of acquittal, arguing that there is insufficient evidence to support the conviction.

### ANALYSIS

**A.**     **New Trial Motion**

Federal Rule of Criminal Procedure 33 provides that, "[o]n a defendant's motion, the court may grant a new trial to that defendant if the interests of justice so require." Fed.R.Crim.P. 33. Defendant's new trial motion is based on the following: (1) the admission of an uncharged act of alleged sexual abuse; (2) the admission of testimony regarding marijuana use by the Defendant and the victim in the context of the uncharged act of alleged sexual abuse; and (3) testimony regarding out of court statements by the victim identifying Defendant, admitted as excited utterances. The Court will address each of these issues in turn.

    1.    Uncharged Act of Alleged Sexual Abuse

During the course of the trial, pursuant to Federal Rule of Evidence 413, the Court admitted testimony from the victim witness regarding a proposition for oral sex made by Defendant to the victim several months prior to the incident which forms that basis of the conviction. The victim testified that while he was sitting with the Defendant in the Defendant's car, parked by the side of the road, the Defendant asked him to "suck his dick and lick his crack." At the time, the victim was under the age of sixteen years and Defendant was more than four years older. The victim attempted to leave the car and the Defendant "grabbed his arm." The victim then stayed in the car with Defendant for approximately half an hour more. During this time, Defendant provided the victim marijuana which they smoked together.

Defendant objects to the admission of the uncharged act, arguing that there was insufficient evidence to demonstrate that Defendant committed an offense of sexual assault and that the admission of such testimony was unfairly prejudicial, pursuant to Federal Rules of Evidence 403.

Uncharged conduct is admissible under 413(a) if the following three requirements are met: (1) the defendant is accused of an offense of sexual assault; (2) the proffered evidence is evidence of

2

the defendant's commission of another offense of sexual assault; and (3) the proffered evidence is relevant. *United States v. McHorse,* No. 98-2123, 1999 WL 355147 at *3 (10th Cir. June 3, 1999); *United States v Guardia*, 135 F.2d 1326, 1328 (10th Cir. 1998). Even if evidence is admissible under Rule 413, the uncharged acts may still be excluded pursuant to Rule 403 if the risk of undue prejudice substantially outweighs the probative value of the evidence. *McHorse,* 1999 WL 355147 at *3; *Guardia*, 135 F.2d at 1328.

In the present case, there is no dispute that Defendant was charged with an offense of sexual assault. Defendant contends that the second and third elements for admissibility under Rule 413 are not satisfied and that the evidence should have been excluded under 403.

Prior to admitting this testimony, the Court held an evidentiary hearing in which the victim witness testified. Based on his testimony, the Court concluded that the Government could establish by a preponderance of the evidence that Defendant had committed a prior offense of sexual assault, to wit, attempted sexual abuse of a minor.[1] Specifically, the witness testified to the proposition and that when he tried to leave, Defendant "grabbed his arm." The Court concluded that the proposition coupled with the physical effort to keep the minor in the car constituted a substantial step in the commission of the offense. Thus, the Court found that the second prong for admission under 413 had been met in that there was sufficient evidence that Defendant attempted to engage in sexual abuse of a minor, "an offense of sexual assault" within the meaning of Rule 413. As to prong three, the

---

[1]The Government objects to the Court refusing to accept its oral proffer as to the victim's testimony and requiring the victim to testify at the evidentiary hearing. The Court recognizes the difficulty for victim witnesses in cases of this type. The Court has no objection to oral proffers in general and in the past has accepted them. However, in this case, the Court concluded that the Government's oral proffer alone simply failed to provide sufficient evidence of an offense of sexual assault.

relevance of the conduct, the Court concluded that the conduct was relevant because it involved the same victim, similar conduct to that charged and was relatively close in time to the events charged. Accordingly, since all three prongs of the 413-admissibility standard had been met, the Court concluded that the evidence was admissible under the rule. *McHorse,* 1999 WL 355147 at *3; *Guardia*, 135 F.2d at 1328. Likewise, as to the Rule 403 analysis, the Court concluded that the probative value of the evidence outweighed the risk of *undue* prejudice because the conduct involved the same victim, similar acts and was not too remote in time from the current offense. The Court sees no error with this analysis.

    2.    Testimony Regarding Marijuana Use

During the evidentiary hearing on the admissibility of the uncharged act, the Assistant United States Attorney advised the Court and defense counsel that he had instructed the victim not to testify about the marijuana use. However, when defense counsel was cross examining the victim regarding this incident, he questioned the witness about the fact that he remained in the car for half an hour after the incident, eliciting from the witness testimony to the affect that he remained "of his own free will." At that time, the Assistant United States Attorney approached the bench and requested to introduce testimony of the marijuana use, in order to explain to the jury why the minor remained in the car "of his own free will" after being propositioned by Defendant. The Court inquired of defense counsel if he would be pursuing this issue further and counsel indicated that he would. Accordingly, the Court held that the testimony on the marijuana use should be admitted in order to provide the jury the proper context and prevent leaving the jury with a factually inaccurate impression of the event. Defendant objects that the admission of this evidence caused him undue prejudice.

A defendant cannot take advantage of the exclusion of evidence by leaving the jury with a misleading or factually inaccurate understanding of the events at issue. *See United States v. Gambino*, 59 F.3d 353, 368 (2nd Cir. 1995); *United States v. Eaton*, 808 F.2d 72, 75-76 (D.C. Cir. 1987). "Otherwise inadmissible testimony may be received on re-direct in order to rebut a false impression created by an opposing party during cross-examination." *Gambino*, 59 F.3d at 368. If a defendant, through his own questioning, leaves the jury with a potentially distorted understanding of the events, the Court may permit the government to introduce otherwise excludable evidence. *Id.*; *Eaton*, 808 F.2d at 75-76.

In the present case, defense counsel emphasized that the victim remained in the car with Defendant "of his own free will" for half an hour after the proposition. In so doing, defense counsel took advantage of the fact that the jury had not been told that Defendant provided the victim with marijuana. Absent this information, the jury could have concluded that Defendant did nothing to induce the victim to remain with him for that amount of time. The Court granted defense counsel some leeway to explore this issue. But, when defense counsel made a point of repeatedly emphasizing that the victim stayed "of his own free will," the Court concluded that the jury needed to be provided with the complete picture. Absent complete information about *why* he stayed, the jury would be left with a distorted and misleading understanding of the event which could have significantly impacted their assessment of the victim's credibility. Accordingly, as a result of defense counsel's cross-examination of the victim, the marijuana use became relevant and necessary evidence in the case.

3. Excited Utterances

The Court also admitted out-of-court statements by the victim to the effect that Defendant attempted to rape him as excited utterances, under Federal Rule of Evidence 803(2). Specifically, the

Court admitted testimony by a friend of the victim as to statements made by the victim immediately after the incident and testimony of the victim's mother as to statements made approximately four or five hours after the incident.

In determining the admissibility of disclosures of sexual abuse as excited utterances, courts have applied the following standard: "[r]ather than focusing solely on the time a statement was made, we consider other factors, including the age of the declarant, the characteristics of the event and the subject matter of the statements." *United States v. Rivera*, 43 F.3d 1291, 1296 (9th Cir.1995). Thus, the sole fact that a statement may have been made hours after the abuse is not conclusive. *See United States v. Farley*, 992 F.2d 1122, 1125-26 (10th Cir. 1993) (statement by young child day following molestation could have been admitted as excited utterance where child was described as frightened, on the verge of tears and running away at the time of the disclosure); *United States v. Miller*, 32 M.J. 843, 850-51 (U.S. Navy Marine Corps Military Rev. 1991) (statement of twelve year old to teacher day after molestation admitted where child was crying during class and during disclosure); *Rivera*, 43 F.3d at 1296 (statements made an hour after incident admitted where child still crying and hysterical and disclosure made at first opportunity). Rather, the Court must consider: (1) the child's emotional state at the time of the disclosure; (2) whether the child had a meaningful opportunity to make a disclosure earlier; (3) the age of the child; (4) the startling nature of the event alleged; and (4) whether the child had time to reflect and fabricate a story. *Rivera*, 43 F.3d at 1296.

In the present case, the Court's conclusion that the statements to the friends were excited utterances was based on the following: the victim made the disclosure to his friends almost immediately following the event; the victim himself testified that he was upset and scared at the time; although a teenager, the victim suffers from mental disabilities; and the event was extremely startling

in nature. Likewise, the Court concluded that the disclosure to the mother was an excited utterance based on the following: the victim disclosed the incident to his mother soon after he first saw her that evening; the victim himself testified that he was still scarred and upset at the time; the medical personnel who examined him shortly after also described him as highly agitated; and, again, the limited abilities of the victim and startling nature of the event. The Court continues to concluded that, for the reasons stated, the statements are admissible as excited utterances.

**B.     Judgment of Acquittal**

Defendant renews his motion for judgment of acquittal, arguing specifically that the Government failed to present sufficient evidence to prove that he engaged in either anal penetration or oral copulation with the minor.

In considering a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29, the Court must "view the evidence, both direct and circumstantial, in the light most favorable to the government, and without weighing conflicting evidence or considering the credibility of witnesses, determine whether that evidence, if believed, would establish each element of the crime." *United States v. Johnson, et al.*, 12 F.3d 1540, 1545 (10th Cir. 1993) (citing *United States v. White*, 673 F.2d 299, 301-302 (10th Cir. 1982). "[T]he relevant question is whether . . . any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979); *United States v. Hollis*, 971 F.2d 1441, 1447 (10th Cir. 1992). However, "[t]he evidence supporting a jury's verdict must be substantial . . . raising more than a mere suspicion of guilt." *United States v. Yoakam*, 116 F.3d 1346, 1349 (10th Cir. 1997).

Viewing the evidence in the light most favorable to the jury verdict, the Court finds that the Government did present sufficient evidence to prove beyond a reasonable doubt that Defendant did

7

engage in both anal penetration and oral copulation with the minor. The Court specifically notes the following evidence which supports the jury verdict: physical evidence demonstrating that the minor had abrasions around the anus; physical evidence that the minor's throat was irritated; the minor's in court testimony that Defendant raped him and detailed description of anal penetration; and the minor's disclosure during the course of a medical exam that Defendant forced him to engage in oral copulation. This, as well as the other evidence presented at trial, is sufficient to allow a reasonable jury to conclude, beyond a reasonable doubt, that Defendant had engaged in both anal penetration and oral copulation with the minor. Therefore, Defendant's Motion for Judgment of Acquittal will be denied.

## CONCLUSION

**IT THEREFORE ORDERED** that Defendant's Motion for Judgment of Acquittal Pursuant to Rule 29(c) [**Doc. 49**] and Motion for New Trial [**Doc. 50**] are hereby **DENIED**.

MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
    Kevin Washburn

Attorney for Defendant:
    Alonzo Padilla