IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.        No. CR 98-933 MV

RICHARD KING, JR.,

        Defendant.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant's Motion to Strike Restitution Provision from Judgment filed October 14, 1999 **[Doc. No. 56]** and the Addendum to that Motion filed October 29, 1999 **[Doc. 57]**. The Court, having considered Defendant's Motion and Addendum, Plaintiff's Response and being otherwise fully-informed, finds that the Motion is not well-taken and will be **DENIED**.

On October 6, 1999, at Defendant's sentencing, the Court ordered Defendant to pay restitution to the victim's mother and half-sister for their lost income for appearing at trial. Section 2248 of Title 18 of the United States Code governs restitution in sexual abuse cases, providing that restitution to the victim is mandatory. 18 U.S.C. § 2248(b)(4). If the victim is under the age of eighteen years, "victim" for purposes of restitution is defined to include "the legal guardian of the victim, . . . [or] another family member." *Id.* at 2248(c). The victim in this case is under eighteen years of age, and therefore under the definition, it is appropriate to grant restitution to his mother and half sister who share responsibility for parenting him.

Section 2248 states that the "victim" should be compensated the "full amount of the victim's losses" including lost income. *Id.* at 2248(b)(3)(D). The Court has done exactly that in this case, ordering restitution in the amount of wages lost as a result of coming to trial. Defendant argues that this restitution is improper given that the victim's mother and half sister have received compensation from the government, including witness fees, mileage expenses, lodging expenses and meals. However, the statute clearly states that a court cannot refuse to order restitution even if the "victim has, or is entitled to, receive compensation for his or her injuries from . . . any . . . source." *Id.* at 2248(b)(4)(B)(ii). Consequently, the restitution the Court ordered Defendant to pay is proper regardless of payments made by the government..

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike Restitution Provision from Judgment filed October 14, 1999 **[Doc. No. 56]** is **DENIED**. Defendant must pay restitution to the victim's mother and half sister for lost wages as a result of their attending the trial.

                MARTHA VAZQUEZ
                UNITED STATES DISTRICT JUDGE

Attorney for Defendant:
Alonzo J. Padilla

Attorney for Government:
Kevin Washburn